# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT of TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JONATHON GENE BENAVIDES,** § | | |
| **TDCJ # 1319030,** § | | |
| § | | |
| **Petitioner** § | | |
| § | | |
| v. § | | **Civil Action** |
| § | | **No. SA-9-CA-271-XR** |
| **RICK THALER,** § | | |
| **Texas Department of Criminal Justice** § | | |
| **Correctional Institutions Division Director,** § | | |
| § | | |
| **Respondent** § | | |

# M E M O R A N D U M   D E C I S I O N

Before the Court is Petitioner Jonathon Gene Benavides' 28 U.S.C. § 2254 Habeas Corpus Petition (Docket Entry # 1) and Respondent's Answer seeking dismissal of the Petition (Docket Entry # 10) which this Court construes as a motion to dismiss.

## I.

Petitioner Benavides was convicted in Comal County of soliciting capital murder and was sentenced to sixty years in *State v. Benavides*, No. CR-2004-167 (Tex. 22nd Jud. Dist. Ct., *jmt. entered* July 20, 2005). His conviction was affirmed, *Benavides v. State*, No. 3-5-464-CR, 2007 WL 1028861 (Tex. 3d Ct. Apps., *affirmed* April 5, 2007), and the Texas Court of Criminal Appeals refused his petition for discretionary review, *Benavides v. State*, No. PD-859-7 (Oct. 3, 2007). Benavides' State habeas corpus application was denied. *Ex parte Benavides*, No. 71,645-1 (*denied* March 25, 2009).

The Texas Third Court of Appeals described the case and evidence as follows:

> Benavides and Samantha Childs were both indicted for soliciting the murder of Benavides's ex-girlfriend, Stacy Satterfield. Prior to trial, the State moved to consolidate Benavides's and Childs's indictments. Benavides filed a motion to

sever, asserting that the defenses that he and Childs intended to assert at trial were antagonistic and mutually exclusive. The district court held a severance hearing. Benavides's counsel of record, Glen Peterson, was unable to attend this hearing. Instead, Benavides was represented at the hearing by Steve Moninger. Following the hearing, the district court denied the motion to sever and the case proceeded to trial.

At trial, the jury heard evidence that sometime in December 2003, Childs contacted her friend Christina Lawson and told her that "she had a friend that had a situation with child support." Lawson testified that this friend was Benavides. Lawson further testified that Childs told her that Benavides wanted to "[m]ake the mother go away" and that he intended to "[g]et a hit man." Lawson also explained how Childs told her that Benavides wanted to talk to Lawson about his situation. Benavides believed that Lawson could help him "because she had a father who was murdered by a hit man and an uncle who was speaking of seeking revenge." Lawson then recounted how Benavides approached her one night at a party, talked about his problems with paying Satterfield child support, and told Lawson, "I want her gone. I want her to disappear."

Following further conversations with Childs, Lawson contacted the authorities and an undercover operation was arranged. Detective Scott LaCour was assigned to pose as a hit man. LaCour placed a phone call to Benavides and set up a meeting. At this meeting, Benavides told LaCour that he "wanted someone killed." Benavides gave LaCour maps to Satterfield's house and provided a physical description of Satterfield and her vehicle. LaCour testified that he asked Benavides how much he wanted to pay for the job. Benavides indicated that he was willing to pay 2,000 dollars. LaCour told him that the price was 10,000 dollars and Benavides agreed. LaCour also asked Benavides if he wanted the woman stabbed or shot. According to LaCour, Benavides told him that "he didn't care how it was done." An audio recording and a transcript of this conversation were admitted into evidence.

Benavides testified in his defense. Benavides claimed that he renounced his solicitation in a conversation with LaCour on March 6, 2004. An audio recording and a transcript of this conversation were admitted into evidence. In the district court's charge, the jury was instructed on the affirmative defense of renunciation. *See* Tex. Penal Code Ann. § 15.04 (West 2003).

The jury found Benavides guilty of solicitation of capital murder as charged in the indictment.

*Benavides v. State*, No. 3-5-464-CR at 1-3.

Benavides' § 2254 Petition contends: there was a "fatal variance between the indictment and the evidence . . . at trial;" the trial court's rulings denied Benavides due process; his confrontation rights were violated when the prosecution's witnesses were allowed to testify to hearsay; his trial counsel was ineffective; and the prosecution made improper comments during trial denying Benavides due process.

## II.

Federal habeas corpus relief is available only where the petitioner demonstrates he is in custody in violation of his constitutional or other federal rights. 28 U.S.C. §§ 2241, 2254. State law errors that do not implicate constitutional rights are not a basis for habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). Rule 2(d) of the Rules Governing § 2254 Proceedings states the petition "shall set forth in summary form the facts supporting each of the grounds." Conclusory and speculative allegations are not sufficient to entitle a petitioner to a hearing or relief in a § 2254 case. *West v. Johnson*, 92 F. 3d 1385, 1398-99 (5th Cir. 1996), *cert. denied*, 520 U.S. 1242 (1997); *Perillo v. Johnson*, 79 F. 3d 441, 444 (5th Cir. 1996).

Section 2254(b)(1)(A) requires the petitioner to exhaust available state court remedies before seeking federal habeas corpus relief. Section 2254(d) requires this Court to defer to the state court's reasonable interpretations of federal law and reasonable determinations of fact in light of the evidence presented in the state proceedings. Factual determinations of a state court are "presumed to be correct" and the petitioner has the burden of rebutting this presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### - A -

Benavides claims the trial court erred by "failing to quash the indictment" because there was a "fatal variance between the indictment and the evidence . . . at trial" in that there was no showing

-3-

Benavides requested that Lacour "target" Stacy Satterwhite or Benavides promised to or paid Lacour to do so.

Federal habeas courts have no jurisdiction to review a state court's denial of a state prisoner's federal constitutional claim if the state court's decision rests on a state procedural default independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). Federal habeas review is barred unless the prisoner can demonstrate cause for the default and prejudice as a result of the alleged federal violation, or demonstrate failure to consider the claim will result in a fundamental miscarriage of justice. *Id.* at 750. The fundamental miscarriage of justice standard applies only "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986).

Benavides acknowledges there was no objection to the indictment on this basis at trial. Lack of a contemporaneous objection and the Texas contemporaneous objection rule procedurally bar consideration of this claim in this federal habeas corpus proceeding. *See Amos v. Scott*, 61 F. 3d 333, 340-43 (5th Cir.), *cert. denied*, 516 U.S. 1005 (1995). Furthermore, the Texas Court of Criminal Appeals denied this claim, thereby ruling the indictment was sufficient under Texas law to confer jurisdiction on the trial court, and this Court has to defer to the state court's interpretation of its own law. *See McKay v. Collins*, 12 F. 3d 66, 68, *reh'g granted in part on unrelated issue*, 12 F. 3d 70 (5th Cir.), *cert. denied*, 513 U.S. 854 (1994). Moreover, the indictment, which alleged Benavides on or about February 22, 2004, requested that Darin S. Lacour intentionally and knowingly cause the death of Stacy Satterfield "for the promise of remuneration, to wit: United States currency," is sufficient to charge an offense under Texas Penal Code § 15.03, and was sufficient to furnish Benavides with notice of the charge.

Construed as a challenge to the sufficiency of the evidence this issue is also without merit. Habeas corpus relief under § 2254 on a claim of insufficient evidence is appropriate only if "after viewing the evidence in the light most favorable to the prosecution, [no] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Under Texas law a person commits criminal solicitation to commit a capital felony where "he requests, commands, or attempts to induce another to engage in specific conduct that, under the circumstances surrounding his conduct as the [person] believes them to be, would constitute the felony or make the other a party to its commission." Tex. Code Crim. P. § 15.03(a) (Westlaw 2004). The evidence established Benavides told LaCour he "wanted someone killed;" he gave LaCour maps to Satterfield's house and provided a physical description of Satterfield and her vehicle; and he promised LaCour $10,000 for killing Satterfield. This evidence is sufficient to support his conviction for criminal solicitation in violation of § 15.03(a). Benavides claims the evidence was insufficient because there was no evidence the remuneration was ever paid. This issue is without merit because § 15.03(a) does not require proof of such and the indictment alleged that remuneration was promised not that it was "paid." The evidence in the light most favorable to the prosecution supports the jury's verdict.

- B -

Benavides claims the trial court's erroneous evidentiary and procedural rulings denied him due process. Alleged errors in state procedural or evidentiary rulings are not themselves a basis for habeas corpus relief, but may be a basis for such relief where "'a trial judge's error is so extreme that it constituted denial of fundamental fairness under the' Due Process Clause." *Castillo v. Johnson*, 141 F. 3d 218, 224 (5th Cir. 1998).

**- i -**

Benavides argues that his due process rights were violated when the trial court failed to conduct a timely examining trial. There is no legal basis for this claim. There is no federal or constitutional right to a preliminary hearing before a judge or magistrate, and therefore the denial of such a hearing is not a basis for habeas corpus relief. *Murphy v. Beto*, 416 F. 2d 98, 100 (5th Cir. 1969).

**- ii -**

Benavides claims the denial of his change of venue motion based on pre-trial publicity denied him due process. In *Dobbert v. Florida*, 432 U.S. 282, 303, 97 S. Ct. 2290, 53 L. Ed. 2d 344 (1977), the Supreme Court addressed a comparable claim as follows:

> Petitioner's argument that the extensive coverage by the media denied him a fair trial rests almost entirely upon the quantum of publicity which the events received. He has directed us to no specific portions of the record, in particular the *voir dire* examination of the jurors, which would require a finding of constitutional unfairness as to the method of jury selection or as to the character of the jurors actually selected. But under [*Murphy v. Florida,* 421 U.S. 794, 95 S. Ct. 2031, 44 L. Ed. 2d 589 (1975)], extensive knowledge in the community of either the crimes or the putative criminal is not sufficient by itself to render a trial constitutionally unfair. Petitioner in this case has simply shown that the community was made well aware of the charges against him and asks us on that basis to presume unfairness of constitutional magnitude at his trial. This we will not do in the absence of a "trial atmosphere . . . utterly corrupted by press coverage," *Murphy*, 421 U.S. at 798.

At most Benavides showed the case was described in several local newspaper articles and failed to show a "trial atmosphere . . . utterly corrupted by press coverage." The State trial court denied the change of venue motion stating "I don't see anything in here that would lead me to believe that we could not field a fair jury in Comal County." Benavides failed to present evidence to the contrary.

**- iii -**

Benavides next argues that the trial court denied his due process rights by granting the State's motion to consolidate his case with that of co-defendant Samantha Childs and denying his motion to

sever. In *Zafiro v. U.S.*, 506 U.S. 534, 538-39, 113 S. Ct. 933, 122 L. Ed. 2d 317 (1993), the Supreme Court held that "mutually antagonistic defenses" do not require that cases be severed, and severance is required "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Benavides moved that the cases be severed because the defendants intended to present inconsistent defenses: Benavides claimed his complaints about his ex-girlfriend were misunderstood and he did not wish to have his ex-girlfriend killed, while co-defendant Childs claimed she renounced the plot and was entrapped. The State court concluded "Benavides did not present any evidence that a specific trial right would be compromised by a joint trial, or that a joint trial would prevent the jury from making a reliable judgment about guilt or innocence." *Benavides v. State*, No. 3-5-464-CR at 3-5. Benavides failed to introduce evidence to the contrary. Furthermore at trial Benavides presented a renunciation defense, and thus his defense *was* consistent with his co-defendant's. Therefore there is no basis for Benavides' claim the joint trial denied him due process.

- iv -

Benavides next argues the trial court erred allowing him to be represented by Steve Moninger at the consolidation hearing instead of his attorney of record Glen Peterson. The record shows Moninger was co-counsel and Peterson's assistant at trial, and Moninger represented Benavides at the consolidation hearing because Peterson had another court commitment. Benavides attended the consolidation hearing represented by Moninger *without objection*. This claim is procedurally barred for lack of a contemporaneous objection. *See Amos v. Scott*, 61 F. 3d at 340-43.

- v -

Benavides contends the trial court erred by allowing the prosecution to infer in the opening statement that Benavides also plotted to have his infant son murdered. The record shows the district

attorney informed the court before his opening argument he intended to mention Benavides told the undercover officer that he could also kill the son. The defense objected this evidence was not corroborated and was unfairly prejudicial because it might confuse the jury. The trial court ruled that because Benavides' statement to the undercover officer was on an audio recording it was corroborated. The trial court also agreed to give a limiting instruction when the evidence was introduced. A legitimate opening statement is intended to "'state what evidence will be presented, to make it easier for the jurors to understand what is to follow.'" *Arizona v. Washington*, 434 U.S. 497, 513 n.32, 98 S. Ct. 824, 54 L. Ed. 2d 717 (1978). The prosecution's opening statement was supported by the evidence.

- vi -

Benavides next contends the trial court erred by "not allowing [Benavides] to present renunciation defense evidence at the time the State's undercover agent testified." This claim is procedurally barred and without merit. The record shows no contemporaneous objection was made on this basis, and thus the claim is procedurally barred. *See Amos v. Scott*, 61 F. 3d at 340-43. Furthermore, the record shows Benavides did testify that he renounced the plot. Pursuant to Texas Code of Criminal Procedure art. 36.01(a)(4)-(6) & (b) (Westlaw 2005) Benavides had no right to present his evidence during the State's case.

- vii-

Benavides claims the trial court improperly commented on the evidence, ignored the defense's objection to jury misconduct when two jurors were seen talking outside the jury room and one juror was seen sleeping in the jury box, redacting exculpatory portions of co-defendant Childs' statement to police, and the court misstated the law relating to entrapment. Benavides fails to show these allegations are supported by the State record. This district court is not required to search the entire

state record - consisting of more than four thousand pages in this case - for facts to support a petitioner's claim. *See Adams v. Armontrout,* 897 F. 2d 332, 333 (8th Cir. 1990). Furthermore Benavides fails to state what evidence the court improperly commented on, what statement was improperly redacted, or how the trial court misstated the law relating to entrapment. Also, it is not per se improper for jurors to speak outside the jury room. Moreover, Benavides fails to explain how he was prejudiced by any of these matters. These claims are conclusory and thus without merit. *See Smallwood v. Johnson*, 73 F. 3d 1343, 1351 (5th Cir.) ("'a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding'"), *cert. denied*, 519 U.S. 883 (1996).

### - C -

### - i -

Benavides claims the trial court erred by overruling Benavides' confrontation clause objection to State's witness Tina Lawson's testifying concerning what Benavides told co-defendant Samantha Childs. In *Crawford v. Washington*, 541 U.S. 36, 59, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004), the Supreme Court held the Confrontation Clause bars admission of testimonial hearsay unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness. This evidence is not hearsay. The evidence was both an admission of a party and a statement of a coconspirator in furtherance of a conspiracy. *See* Tex. R. Evid. 801(e)(2)(A) & (E). Therefore this claim is without merit.

### - ii -

Benavides next argues that he "was denied his confrontation rights in regards to the testimony by Lt. Rust being able to testify about a video of [Benavides] and the undercover agent made by another officer who never testified." No objection was made on this basis at trial thus this claim is

procedurally barred for lack of a contemporaneous objection. *See Amos v. Scott*, 61 F. 3d at 340-43. Furthermore, this claim is without merit. Lieutenant Rust and the undercover detective Scott LaCour testified at trial and were available for cross-examination, and thus there was no violation of Benavides' confrontation right.

- iii -

Benavides next arges that his confrontation rights were violated when the prosecution asked Benavides if he would be surprised that his father asked the police if Benavides had threatened his father's life. The record shows there was no objection to this question based on the Confrontation Clause and thus this claim is procedurally barred for lack of a contemporaneous objection. *See Amos v. Scott*, 61 F. 3d at 340-43. Benavides also raises this issue as an ineffective counsel claim which is without merit for the reasons discussed later in this Decision.

- D -

Petitioner argues his conviction resulted from ineffective assistance of counsel. To establish ineffective assistance of counsel, a petitioner must show counsel's performance was deficient, i.e. counsel's performance was not professionally reasonable, and counsel's deficient performance prejudiced the petitioner, i.e. "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-94, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). There is a strong presumption counsel's conduct falls within the wide range of reasonable professional assistance or sound trial strategy. *Id.* at 689. In order to demonstrate prejudice, a petitioner must show not only that had counsel acted in a different manner a new trial would have been granted, but also that, as a result of counsel's incompetence, the trial was rendered fundamentally unfair or unreliable. *Lockhart v. Fretwell*, 506 U.S. 364, 369-70, 113 S. Ct. 838, 112 L. Ed. 2d 180 (1993).

Benavides raises a number of ineffective counsel claims relating to Moninger's representation at the consolidation/severance hearing. Benavides contends his trial counsel was ineffective in the following particulars: counsel of record Peterson failed to make a timely motion for continuance of the consolidation hearing so Peterson could attend; Peterson sent Moninger to the consolidation hearing without notifying Benavides; Moninger had no felony experience and Peterson was deficient for failing to assure Benavides was represented by competent counsel; Peterson allowed Moninger to file the change of venue motion "which was not in due form" and appear at the consolidation hearing; and Moninger failed to prepare Benavides for the consolidation hearing causing him to incriminate himself.

Defense counsel Glen R. Peterson's Affidavit, filed in response to Benavides' State habeas corpus application, states in relevant part:

> Prior to the day of the consolidation/severance hearing, Affiant thoroughly discussed with [Benavides], the legal requisites for the court to deny the state's motion for consolidation, i.e., grant separate trials for the two co-conspirators. Affiant also explained to [Benavides] that he might have a conflict on the severance hearing date, in another court that could not be avoided. Affiant gave [Benavides] the option to change the severance hearing date or allow co-counsel, Steve Moninger, to represent [Benavides] at the severance hearing. [Benavides] elected to proceed with the scheduled hearing date, while being represented by co-counsel, Moninger. Affiant thoroughly discussed the legal issues relating to severance or consolidation with co-counsel, Moninger and [Benavides], prior to the hearing. Moninger is a University of Texas law school graduate and an extremely competent attorney, in the opinion of Affiant. In the opinion of Affiant, the State's Motion for Consolidation would have been granted, even if Affiant had been personally present at the hearing.

*Ex parte Benavides, supra*, at 80-81. The Affidavit of Steven Moninger affirms he met with Benavides before the hearing to discuss the applicable law and Benavides' testimony, and he warned Benavides the hearing would require Benavides' testimony concerning his defenses. *Ex parte*

*Benavides, supra*, at 75. The record shows Moninger did object to the prosecution's cross-examination of Benavides at the consolidation/severance hearing, and these objections were overruled. The record shows Benavides' change of venue and severance motions were denied on the merits, not because they were "not in due form," and Benavides fails to show what more counsel could have done that would have made a difference. The Texas courts found Benavides was competently represented at the consolidation/severance hearing. *See State v. Benavides*, No. 3-5-464-CR, at 14-18; *Ex parte Benavides, supra*, at 169. The State courts' findings are reasonably supported by the record and Benavides failed to present evidence sufficient to overcome the presumption of correctness applicable to the State courts' findings.

- ii -

Benavides states that his counsel "was deficient for to disabuse venire of idea that the defendants could not be called as witnesses against each other and that takes a tool away from the DA had he done so." This claim is incomprehensible. Furthermore, Benavides fails to show how such an alleged failure amounted to deficient performance or how Benavides was prejudiced. Defense counsel did question the venire to try to assure the defendants would receive a fair trial notwithstanding that they were tried jointly. *See Smallwood v. Johnson*, 73 F. 3d at 1351.

- iii -

Benavides next claims his counsel was deficient for abandoning an entrapment defense against Benavides' wishes. This claim is defied by the record and is without merit.

Defense counsel Peterson's Affidavit states:

> Affiant and [Benavides] thoroughly discussed the legal requirements necessary to sustain the defense of entrapment. As a matter of strategy, Affiant eventually advised [Benavides] to abandon the defense of entrapment since it would require him to admit to the essential elements of the crime and in the opinion of Affiant, the jury would be unlikely to acquit him on the defense of entrapment. Affiant

> also advised [Benavides] that he did not have the necessary evidence or facts to succeed on the defense of entrapment by government agents. The suggestion or idea of murder for hire was that of [Benavides] and not provided to him by government agents. Affiant did not make the decision to eventually abandon the defense of entrapment, this final legal decision was made by [Benavides]. Counsel concurred with [Benavides'] final decision to abandon any entrapment defense.

*Ex parte Benavides, supra*, at 79-80. At the consolidation/severance hearing Benavides affirmed that he did not intend to use an entrapment defense. *Id.* at 129. Thus this claim is defied by his counsel's Affidavit and the record.

"[A] defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Mathews v. U.S.,* 485 U.S. 58, 63, 108 S. Ct. 883, 99 L. Ed. 2d 54 (1988). An entrapment defense requires a showing of "government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in the criminal conduct." *Id.* Testimony that "a government agent solicited, requested, or approached the defendant to engage in a criminal conduct, standing alone, is insufficient to constitute inducement." *U.S. v. Nguyen*, 413 F. 3d 1170, 1179 (10th Cir. 2005), *cert. denied,* 546 U.S. 1125 (2006). The facts in this case fail to show the requisite "government inducement . . . and a lack of predisposition on the part of the defendant to engage in the criminal conduct." Thus the facts of the case would not warrant an entrapment instruction had counsel pursued such a defense, and had the trial court given such an instruction there is no possibility the jury would have found a basis for such a defense.

### - iv -

Benavides claims his counsel was "deficient for failing to make [a] Confrontation Clause objection to [the] prosecutions questions concerning questions petitioner's father had asked police, when same never testified, making hearsay." This issue concerns the following exchange during the prosecution's cross-examination of Benavides:

Q. [District Attorney Waldrip]: Would it surprise you that your father asked, as part of this investigation, whether you had threatened his life?

[Defense counsel] PETERSON: Objection hearsay.

MR. WALDRIP: It goes to his state of mind, Judge.

THE COURT: The father asked?

MR. WALDRIP: (Nodding head affirmative) Yes, sir.

THE COURT: But the question is: Would it surprise him?

MR. WALDRIP: Yes, sir. Would it surprise him if his father had asked? His father is the one that's the out of Court Declarant, and I'm offering it under the exception to hearsay rule, present sense impression, then existing state of mind.

THE COURT: Overruled.

THE WITNESS: Okay. Could you ask the question again?

BY MR. WALDRIP:

Q. Would it surprise you that your father asked whether the investigation revealed that you had threatened his life?

A. Yes, I'd be surprised.

Q. Would it surprise you that Bernardo Benavides wondered if your plan to meet and talk with him was a ruse for an opportunity to whack him?

MR. PETERSON: Objection, your Honor; hearsay.

THE COURT: The same exception?

MR. WALDRIP: Yes, sir.

THE COURT: Sustained. I mean, overruled.

Q. (BY MR. WALDRIP) Would it surprise you if he asked that, using the term "whack," quote/unquote?

A. Yes, it would surprise me.

> Q. You've never threatened his life. Correct?
>
> A. No, sir.

As previously discussed in *Crawford v. Washington*, 541 U.S. at 59, the Supreme Court held the Confrontation Clause bars admission of testimonial hearsay unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness. The State contends Benavides' father's statement does not present a *Crawford* violation because it was non-testimonial and was offered to show Benavides' "surprise" and state of mind, and was not offered for the truth of the matter asserted. However, because Benavides' father's statement was made in the context of a police investigation the statement was testimonial. *See Crawford*, 541 U.S. at 68 ("testimonial" evidence includes testimony in response to "to police interrogations"). Furthermore, there is no showing that Benavides' "surprise" or "state of mind" is relevant to any issue in the case.

Even if the district attorney's reference to Benavides' father's statements was a *Crawford* confrontation violation or was an improper question that assumed facts not in evidence, *see Branch v. Estelle*, 631 F. 2d 1229, 1234 (5th Cir. 1980), Benavides cannot show he was prejudiced by his counsel's failure to lodge a proper objection. A federal habeas court may not grant relief on trial errors unless petitioner demonstrates the error "had a substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637-38, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993). The jury heard audio recordings of Benavides plot his ex-girlfriend's murder in his conversations with undercover detective LaCour. There is no reasonable likelihood the jury's verdict would have been different if a proper objection had been made and the district attorney's reference to Benavides' father's statements excluded.

### - v -

Benavides claims his counsel was ineffective for failing to object when the prosecution asked Benavides if his employment application with the Harris County Sheriff's Office was denied because of a discrepancy on his application. The defense objected to this as a specific attack on Benavides' character, and the objection was sustained. Benavides also complains that counsel was ineffective for failing to make a confrontation clause objection to Tina Lawson's testimony concerning what Benavides told co-defendant Childs. "The record indicates [Benavides'] counsel did make a Confrontation Clause objection to the trial court concerning Lawson's testimony of what co-defendant said and a hearing was held outside the presence of the jury concerning the statements and their admissibility." *Ex parte Benavides, supra*, at 164. The record shows defense counsel did object to these matters and thus Benavides' claim counsel was ineffective for failing to object is contradicted by the record.

### - vi -

Benavides also argues his counsel was ineffective for failing "to object to prosecutor's improper comment and commitment questions," failing to object when the court failed to provide Benavides' with co-defendant's statement to police, and failing to object to the prosecution's "improper comment to the jury that 'no jury or the public would want him to get probation.'" Benavides failed to show the record supports these claims and this Court is not required to search the record for a record basis. *See Adams v. Armontrout,* 897 F. 2d at 333. Benavides fails to state what improper "comment and commitment questions" he refers to or how counsel should have objected; he fails to state what co-defendant statement he refers to; and he fails to show a basis for objection to the "no jury or the public would want him to get probation" comment. Furthermore, Benavides fails to show he was prejudiced

by these matters. These claims are vague and conclusory, and thus without merit. *See Smallwood v. Johnson*, 73 F. 3d at 1351.

For each of the alleged instances of ineffective assistance of counsel, Benavides fails to demonstrate counsel was deficient or he was prejudiced by counsel's performance, and thus Benavides' ineffective assistance of counsel claims are without merit. *See Anderson v. Collins*, 18 F. 3d 1208, 1221 (5th Cir. 1994).

### - E -

Benavides next claims the prosecution engaged in several instances of misconduct. In *Styron v. Johnson*, 262 F.3d 438, 449 (5th Cir. 2001), *cert. denied*, 534 U.S. 1163 (2002), the Court of Appeals provided the following analysis for such claims:

> Prosecutorial misconduct is not a ground for relief unless it casts serious doubt upon the correctness of the jury's verdict. This court has previously identified three factors to be considered: 1) the magnitude of the prejudicial effect of the remarks; 2) the efficacy of any cautionary instruction given by the judge; and 3) the strength of the evidence supporting the conviction. Only where improper prosecutorial comments substantially affect the defendant's right to a fair trial do they require reversal.

(prior citations omitted.)

### -i -

Benavides claims "the prosecutor made improper commitment questions in front of the jury while discussing defense theories." Benavides fails to state what questions he challenges or a legal basis for doing so. This claim is too vague and conclusory for the State to respond to or this Court to address.

### - ii -

Benavides claims the prosecution engaged in misconduct by stating in its opening statement Benavides also intended to have his son killed and Benavides' father was afraid Benavides intended

to kill him when these statements were not supported by the evidence. The record shows these statements were supported by evidence later introduced at trial and thus were not improper.

- iii -

Benavides also claims the prosecution engaged in misconduct by asking Benavides if his employment application with the Harris County Sheriff's Office was denied because of a discrepancy on his application. As previously discussed, the defense's objection to this question was sustained and thus Benavides never answered this question. Benavides failed to show any likelihood the mere asking of this question had a substantial prejudicial effect on the jury's verdict.

The State court's denial of Benavides' claims is reasonably supported by the record and is consistent with federal law as required by § 2254(d), *see Benavides v. State*, No. 3-5-464-CR, and *Ex parte Benavides*, No. 71,645-1 at 157-70, and therefore this Court is compelled to reach the same conclusion. Benavides' Petition is without legal or factual merit and must be denied. Moreover, in light of the overwhelming evidence against Benavides, any court, prosecution or counsel errors did not affect the jury's verdict and thus were harmless. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993) (a federal habeas court may not grant relief on trial errors unless petitioner demonstrates the error "had a substantial and injurious effect or influence in determining the jury's verdict"). Because Benavides failed to present a factual basis for his claims in state court, he is not entitled to a federal habeas corpus hearing. *See* 28 U.S.C. § 2254(e)(2). Furthermore, a habeas corpus petitioner is not entitled to relief or a hearing on his claims where: he failed to allege a basis for relief, he offers "conclusory allegations unsupported by specifics, contentions that in the face of the record are wholly incredible," *Perillo v. Johnson,* 79 F. 3d at 444, or allegations that can be resolved on the record, *Lawrence v. Lensing,* 42 F. 3d 255, 258-59 (5th Cir. 1994). Petitioner Benavides is not entitled to habeas relief or a hearing on his Petition because his claims are either conclusory, refuted by the record, or without legal merit.

## III.

Accordingly, Respondent's motion to dismiss (Docket Entry # 10) is **GRANTED**, Petitioner Benavides' § 2254 Petition (Docket Entry # 1) is **DENIED**, and this case is **DISMISSED**. All other pending motions are **DENIED** as moot. Petitioner failed to make "a substantial showing of the denial of a federal right" and cannot make a substantial showing this Court's procedural rulings are incorrect as required by Fed. R. App. P. 22 for a certificate of appealability, *see Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct.1595, 146 L. Ed. 2d 542 (2000), and therefore this Court **DENIES** Petitioner a certificate of appealability. *See* Rule 11(a) of the Rules Governing § 2254 Proceedings.

It is so ORDERED.

SIGNED this 3rd day of August, 2011.

**XAVIER RODRIGUEZ**
**UNITED STATES DISTRICT JUDGE**