# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT of TEXAS
## SAN ANTONIO DIVISION

JONATHON GENE BENAVIDES,           §
TDCJ # 1319030,                    §
                                   §
        Petitioner,                §
                                   §
v.                                 §              Civil Action
                                   §      No.   SA-09-CA-271-XR
NATHANIEL A. QUARTERMAN,           §
Texas Department of Criminal Justice §
Correctional Institutions Division Director, §
                                   §
        Respondent.                §


## REPORT AND RECOMMENDATION

TO:   **Honorable Xavier Rodriguez**
      **United States District Judge**

        This matter was remanded to the district court to determine the timeliness of petitioner's

notice of appeal.[1]  The district court directed submission of necessary information to determine

the issue.[2]  The parties responded.[3]  The matter has now been referred to the undersigned.[4]

        The district court entered judgment on August 3, 2011.[5]  The final day for filing a notice

of appeal was September 2. Petitioner's notice of appeal was filed on September 12, but is dated

---

[1]Docket entry 23.

[2]Docket entry 24.

[3]Docket entries 27 and 28.

[4]Docket entry 29.

[5]Docket entry 19.

September 2.[6]

In response to the Court's Order directing submission of additional information relevant to the determination of the timeliness of the appeal, respondent submitted 82 pages of handwritten mail room logs from the Polunsky Unit for the time period of August 12 to September 12, 2011, with a business record affidavit stating that there is no entry for mail from this offender for those dates.[7]  Petitioner submitted an affidavit stating that he put his notice of appeal in the prison mail system on September 2, the date he signed the notice of appeal.[8]

The undersigned recommends that the district court find that the notice of appeal was deposited in the institution's internal mail system on September 2, 2011, and was timely filed. The absence of a listing of petitioner's notice of appeal from the prison mail log is not conclusive that the notice of appeal was not mailed on September 2. There is no evidence that supports the conclusion that every piece of mail put into the prison mail system is actually logged into the handwritten mail room log.  In fact, that the notice of appeal which clearly was received by the Clerk of Court by mail and filed as of September 12 is absent from any mention in these logs, undermines reliance on these logs as a complete listing of all mail deposited into the prison mail system by each and every prisoner housed at this unit on any of these dates.

Petitioner has stated under penalty of perjury that he in fact did place his notice of appeal in the prison mail box on September 2.  The envelope in which the notice of appeal was sent to

---

[6]Docket entry 20.

[7]Docket entry 27, Exhibit A.

[8]Docket entry 28.

the district clerk appears to reflect a postmark of September 8 from Houston.[9] Respondent does not assert it is unusual (or uncommon) for mail from Livingston, Texas, the location of petitioner's housing unit, to be postmarked from Houston.  Nor does Respondent assert that prisoner mail from the facility in Livingston never contains a Houston postmark. There is no evidence (or argument) from which to conclude that the September 8 Houston postmark refutes the petitioner's assertion that he deposited the notice of appeal with the prison mail system on September 2.

For the foregoing reasons, I recommend that the court determine that the notice of appeal was timely filed, on September 2, 2011.

**Instructions for Service and Notice of Right to Object/Appeal**.  The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[10] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in

---

[9]Docket entry 20.

[10]28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

3

this report shall bar the party from a *de novo* determination by the district court.[11]  Additionally,

failure to file timely written objections to the proposed findings, conclusions and

recommendations contained in this report and recommendation shall bar the aggrieved party,

except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual

findings and legal conclusions accepted by the district court.[12]

      **SIGNED** on January 10, 2012.


*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[11]*Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[12]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).